
CC/GDB: USAO 2019R00507

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. PWG 19cr347 |
| | * |
| IVAN VICTOR THRANE, | * (Conspiracy to Commit Wire Fraud, |
| | * 18 U.S.C. § 1349; Forfeiture, 18 U.S.C. |
| Defendant | * § 981(a)(1)(C), 21 U.S.C. § 853, |
| | * 28 U.S.C. § 2461(c)) |
| | * |

*******

### INFORMATION

### COUNT ONE
(Conspiracy to Commit Wire Fraud)

The United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to this Information:

1. Defendant **IVAN VICTOR THRANE ("THRANE")** was a resident of Maryland.

2. Victim Company 1 was a company headquartered in Beltsville, Maryland, that provided construction and design services, primarily to federal government agencies.

3. Company A was a construction company with an address of P.O. Box 219, Dickerson, Maryland.

4. Company B was a construction company with an address of P.O. Box 219, Dickerson, Maryland.

5. Company C was a construction company with an address of 5000 Sunnyside Avenue, Suite 301, Beltsville, Maryland.

6. **THRANE** was the owner and president of Company A, Company B, and Company C (collectively, "the **THRANE** Companies").

7. **Rakesh Kaushal ("Kaushal")** was a resident of Maryland and an employee of Victim Company 1.

## The Conspiracy

8. From in or about August 2015 through in or about January 2017, in the District of Maryland and elsewhere, the defendant,

**IVAN VICTOR THRANE,**

did knowingly and willfully combine, conspire, confederate, and agree with **Kaushal** and others, known and unknown to the United States Attorney, to commit wire fraud, that is, to devise any scheme and artifice to defraud Victim Company 1, and for obtaining money and property from Victim Company 1 by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud"), and for the purpose of executing and attempting to execute the scheme to defraud, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of 18 U.S.C. § 1343.

## Manner and Means of the Conspiracy and Scheme to Defraud

9. It was part of the conspiracy and scheme to defraud that **THRANE** owned and operated the **THRANE** Companies.

10. It was part of the conspiracy and scheme to defraud that, between in and about August 2015 and in and about January 2017, **Kaushal** was employed by Victim Company 1 as a Project Manager and Project Executive.

11.  It was further part of the conspiracy and scheme to defraud that **THRANE** and **Kaushal** caused Victim Company 1 to make payments to the **THRANE** Companies to which those companies were not entitled, and **THRANE**, in turn, funneled a portion of these payments to **Kaushal**.

12.  It was further part of the conspiracy and scheme to defraud that **THRANE** and **Kaushal** caused the **THRANE** Companies to submit payment requests to Victim Company 1 for subcontracting work purportedly performed by the **THRANE** Companies.

13.  It was further part of the conspiracy and scheme to defraud that **Kaushal**, as Victim Company 1's Project Manager and Project Executive, represented to Victim Company 1 that the work related to the payment requests had been performed, causing Victim Company 1 to pay the **THRANE** Companies.

14.  It was further part of the conspiracy and scheme to defraud that, from in and about September 2015 through in and about December 2016, **THRANE** and **Kaushal** caused Victim Company 1 to pay the **THRANE** Companies over $3.2 million.

15.  It was further part of the conspiracy and scheme to defraud that, upon receipt of payments to the **THRANE** Companies from Victim Company 1, **THRANE** made payments to **Kaushal** totaling over $1.7 million.

16.  It was further part of the conspiracy and scheme to defraud that **Kaushal** deposited checks from the **THRANE** Companies into his personal bank accounts, causing the transmission of information by interstate wires for purposes of processing these check payments.

17.  It was further part of the conspiracy and scheme to defraud that **THRANE** and **Kaushal** concealed and attempted to conceal the scheme to defraud, and, after Victim Company

1 discovered overbilling by the **THRANE** Companies in and about December 2016, **THRANE** and **Kaushal** communicated by email regarding their responses to Victim Company 1.

### Overt Acts

18.  In furtherance of the conspiracy, and to effect the objects thereof, the defendant and other conspirators known and unknown to the United States Attorney committed and caused to be committed the following acts, among others, in the District of Maryland and elsewhere:

   a.  On or about October 8, 2015, **Kaushal** sent an email, using email account kaushalkrakesh@live.com, to **THRANE**, which contained an attachment titled "Application and Certificate for Payment" that listed a "Current Payment Due" amount of $60,000.

   b.  On or about October 22, 2015, **THRANE** and **Kaushal** caused Victim Company 1 to issue check number 2261 in the amount of $60,000 payable to Company B.

   c.  On or about October 28, 2015, **THRANE** issued and caused to be issued check number 1026 from Company A in the amount of $26,900 payable to **Kaushal**.

   d.  On or about December 10, 2015, **Kaushal** sent an email, using email account kaushalkrakesh@live.com, to **THRANE**, which contained an attachment titled "Application and Certificate for Payment" that listed a "Current Payment Due" amount of $156,500.

   e.  On or about December 17, 2015, **THRANE** and **Kaushal** caused Victim Company 1 to issue check number 2575 in the amount of $156,500 payable to Company B.

   f.  On or about December 21, 2015, **THRANE** issued and caused to be issued check number 1030 from Company A in the amount of $72,500 payable to **Kaushal**.

   g.  On or about December 28, 2016, **Kaushal** sent an email, using email account kaushalkrakesh@live.com, to **THRANE**, that read in part, "Good Morning Mr. Kaushal:

In response to your email of this morning, please allow me to review our records with my accountant. My accountant is off this week. . . . Please rest assured that if there have been any overpayment to us by [Victim Company 1], we will return the overpayment immediately."

18 U.S.C. § 1349

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Information.

### Fraud Forfeiture

2. As a result of the offense set forth in Count One, the defendant,

**IVAN VICTOR THRANE,**

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to such violations, and all interest and proceeds traceable thereto.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Date: July 19, 2019

_Robert K. Hur /jac_
Robert K. Hur
United States Attorney